The Honorable Nathan V. George State Representative 11236 North New Hope Road Dardanelle, Arkansas 72834-7776
Dear Representative George:
This is in response to your request for an opinion on the following questions concerning funds administered by the Arkansas Game and Fish Commission:
 1. Under AR Constitution Amendment 35, does AR Game and Fish Commission have authority to divert or reroute appropriated Game Protection Funds for expenditure directly to other State Agencies having no statutory authority to control, manage, restore, conserve or regulate the birds, fish and wildlife resources of the State?
 2. Does Amendment 35 limit to the AR Game Fish Commission exclusive authority to expend appropriated Game Protection Funds, derived through sale of Wildlife Management Area resources, to control, manage, restore, conserve and regulate the birds, fish and wildlife resources of the State, and for no other purpose?
 3. Given that US Fish Wildlife Service declares, "if WMA gas revenue is used for any other purpose than administering the State Wildlife Agency, a diversion occurs and the State becomes ineligible to participate in Federal Wildlife and Sport Fish Restoration Programs until such funds are restored," would the recipient State Agency or AR Game Fish Commission be liable for restoring such illegally diverted funds? *Page 2 
RESPONSE
I must decline to render an opinion in response to your first two questions because these issues have been raised in litigation that is currently pending before a circuit court in Pulaski County: Dockery v.Arkansas Game and Fish Commission, No. CV2009-1551 (Pulaski Co. Cir., 3rd Div., filed Feb. 25, 2009). In recognition of the judiciary's independent constitutional role, it has long been the policy of the Attorney General, as an office in the executive branch of government, to refrain from rendering opinions on matters that are pending before the courts for determination. E.g., Op. Att'y Gen.2008-034 (and opinions cited therein). Accordingly, I must respectfully decline to address your first two questions at this time. Any opinion issued from my office would constitute executive comment on matters that are properly before a judicial body.
I am also unable to respond to your third question as it appears that resolution of this matter depends on federal law regulations and requirements. The scope of official opinions issued by this office does not ordinarily encompass questions of federal law, except as those questions involve or require the interpretation of state law. Consultation with federal officials and/or with the U.S. Attorney's office is advisable on compliance with federal law.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General *Page 1